UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JAMES L. GAUT,

        Petitioner,

   v.

KENNETH QUINN,

        Respondent.

NO. CV-07-0270-CI

ORDER ADOPTING REPORT AND RECOMMENDATION

    Magistrate Judge Cynthia Imbrogno filed a Report and Recommendation on August 12, 2008, recommending that Respondent's Answer, construed as a Motion to Dismiss under Rule 8, Rules Governing Section 2254 Cases, (Ct. Rec. 23) be granted and the Petition for Writ of Habeas Corpus (Ct. Rec. 12) be dismissed with prejudice. (Ct. Rec. 48). On September 17, 2008, Petitioner filed timely objections to the Report and Recommendation. (Ct. Rec. 53). Respondent filed no response to Petitioner's objections.

    The Report and Recommendation identifies 12 claims raised by Petitioner in his petition for habeas relief. (Ct. Rec. 48 at 7). Of those claims, Judge Imbrogno correctly identified only three that were exhausted and not procedurally barred. Those claims, numbers 4, 5 and 9, were addressed on their merits. (Ct. Rec. 48 at 15-25). Petitioner, however, only raises an objection to the Magistrate Judge's finding that claim 1 was unexhausted in state court. (Ct. Rec. 53 at 3, 6). Petitioner's federal habeas claim 1 contends, "The trial court failed to ascertain that defendant understood the law in relation to the charges and the facts at issue." (Ct. Rec. 48 at 7). The Magistrate Judge found that

1  Petitioner did not raise this issue on direct review or on
2  collateral review and therefore properly recommended the claim be
3  dismissed with prejudice.  (Ct. Rec. 48 at 10).

4       As stated in the Report and Recommendation, on direct review,
5  the Court of Appeals affirmed Petitioner's conviction on the
6  merits, (State Record, Exhibit 16).  The Magistrate Judge
7  specifically noted the difference between federal claim 1 and the
8  issues raised in the state claim, and explained, "In his petition
9  for discretionary review, Petitioner presented the guilty plea
10 issues as: 'Can a conviction be predicated on an implied guilty
11 plea if the defendant does not enter a plea in open court?'"  She
12 further noted that Petitioner argued specifically to the
13 Washington Supreme Court that (1) he did not formally plead guilty
14 to the two charges, and (2) there was no recital of the facts in
15 open court.  (Ct. Rec. 48 at 10).  These claims were raised in the
16 Petition as claims 4, 5 and 9 and are fully discussed on the
17 merits by the Magistrate Judge.  (Ct. Rec. 48 at 7, 15-25).
18 Petitioner makes no factual or legal argument in his objection to
19 the Magistrate Judge's Report and Recommendation regarding claims
20 4, 5, and 9.  (Ct. Rec. 53 at 13).

21      Because a claim based on the facts in federal habeas claim 1
22 was not raised in state court, the Magistrate Judge properly
23 determined that claim 1 was unexhausted and procedurally barred.
24 Petitioner's objection is without merit.

25      Moreover, the Court finds the Magistrate Judge's analysis
26 with respect to claims 4, 5 and 9 is thorough and appropriate.
27 The undersigned agrees with Judge Imbrogno that the record of the
28 oral colloquy and the statement on plea of guilty signed by

ORDER ADOPTING REPORT AND RECOMMENDATION - 2

Petitioner and his counsel are clear evidence Petitioner knew that the two charges to which he was pleading guilty were first-degree rape of a child and first-degree child molestation.  The Court additionally agrees that Petitioner's statements in open court, that he had read the police report and the statement of facts and did not disagree with their contents, establishes that he had real notice of the factual basis for his plea.  The state court's analysis was not contrary to, or did not involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.

Having reviewed the August 12, 2008 Report and Recommendation (Ct. Rec. 48) and Petitioner's objections thereto (Ct. Rec. 53), the August 12, 2008 Report and Recommendation (**Ct. Rec. 48**) is **ADOPTED in its entirety.**

Based on the forgoing, **IT IS HEREBY ORDERED**:

1.  Respondent's Answer, construed as a Motion to Dismiss under Rule 8, Rules Governing Section 2254 Cases, (**Ct. Rec. 23**) is **GRANTED** and the Petition for Writ of Habeas Corpus (Ct. Rec. 12) is **DISMISSED, with prejudice.**

2.  Petitioner's Motion for Release on Personal Recognizance pending resolution of his petition (**Ct. Rec. 44**) is **DENIED as moot.**

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this order, forward copies to Petitioner and counsel for Respondent, and **CLOSE the file.**

**DATED** this ___24th___ day of October, 2008.

                                    _S/Fred Van Sickle_
                                    FRED VAN SICKLE
                                    SENIOR UNITED STATES DISTRICT JUDGE

ORDER ADOPTING REPORT AND RECOMMENDATION - 3