UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES L. GAUT,<br><br>            Petitioner,<br><br>    v.<br><br>KENNETH QUINN,<br><br>            Respondent. | NO. CV-07-0270-CI<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION/MOTION FOR STAY AND ABEYANCE |

**THIS MATTER** comes before the Court, without oral argument, based upon Petitioner's November 12, 2008, "Motion for Reconsideration/Motion for Stay and Abeyance." (Ct. Rec. 56). Respondent filed a response to Petitioner's motion on November 18, 2008. (Ct. Rec. 57). Petitioner appears pro se; Respondent is represented by Gregory J. Rosen.

**BACKGROUND**

Magistrate Judge Cynthia Imbrogno filed a Report and Recommendation on August 12, 2008, recommending that Respondent's Answer, construed as a Motion to Dismiss under Rule 8, Rules Governing Section 2254 Cases, (Ct. Rec. 23) be granted and the Petition for Writ of Habeas Corpus (Ct. Rec. 12) be dismissed with prejudice. (Ct. Rec. 48). On September 17, 2008, Petitioner filed timely objections to the Report and Recommendation. (Ct. Rec. 53). On October 24, 2008, the undersigned judicial officer adopted the Report and Recommendation in its entirety and

ORDER DENYING PETITIONER'S MOTION . . . - 1

dismissed the Petition for Writ of Habeas Corpus with prejudice. (Ct. Rec. 54). Petitioner's motion for reconsideration is now before the Court.

**RULING**

Petitioner asserts that the motion for reconsideration "is based upon Petitioner's continued assertion that all the issues presented in the underlying habeas petition . . . should be considered exhausted." (Ct. Rec. 56 at 1). Petitioner additionally reasserts arguments he has previously asserted with respect to his guilty plea. (Ct. Rec. 56 at 1-2).

Reconsideration is available under Rule 60(b) upon a showing of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). Here, Petitioner fails to present a valid basis for Rule 60(b) relief. Petitioner has demonstrated no new or different facts or circumstances, newly discovered evidence, or mistake, inadvertence, surprise, or excusable neglect to warrant reconsideration. Nor has he alleged that relief is appropriate under Rule 60(b)(4)-(6). Petitioner is not entitled to reconsideration.

In the alternative, Petitioner requests that the Court stay and abey the petition to allow him to exhaust all claims in state court. (Ct. Rec. 56 at 3-4). Petitioner's habeas petition has been dismissed by this Court. Any request to stay his petition should have been made prior to the Court's determination in this matter. A request for a stay following the dismissal of the petition is untimely and shall therefore be denied.

1  The Court being fully advised, **IT IS HEREBY ORDERED** that
2 Petitioner's motion for reconsideration/motion for stay and
3 abeyance (**Ct. Rec. 56**) is **DENIED**.
4     **IT IS SO ORDERED.** The District Court Executive is directed to
5 enter this order and forward copies to Petitioner and counsel for
6 Respondent.
7     **DATED** this ___19th___ day of November, 2008.

                                    *S/Fred Van Sickle*
                                    FRED VAN SICKLE
                                    SENIOR UNITED STATES DISTRICT JUDGE